[Crim. No. 5420.   Second Dist., Div. One.   Dec. 9, 1955.]

THE PEOPLE, Respondent, v. ROBERT NAMURA HAYASHIDA, Appellant.

*Assigned by Chairman of Judicial Council.

Minsky & Garber and Albert C. Garber for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant and two other defendants were charged with robbery in Count I and for kidnapping in Count II. The two other defendants pleaded guilty to Count I. The appellant was adjudged guilty by the jury of both counts. The appeal is from the judgment and order denying a motion for a new trial.

At the trial both of the codefendants testified for the prosecution. Defendants' testimony in effect was a denial of any connection with the robbery.

As recited in appellant's brief:

"The trial court committed prejudicial and reversible error in

"(1) Permitting respondent to cross-examine defendant beyond the scope of the direct examination.

"(2) Permitting improper impeachment of appellant.

"(3) Permitting respondent's witnesses to testify as to conclusions of law.

"(4) Limiting appellant's cross-examination of respondent's witnesses.

"(5) Excluding competent and relevant evidence."

Item 1 relates to defendant's bank account and certain checks. No prejudicial error resulted in connection with this examination. On the contrary, defendant explained the bank account and checks and the cross-examination was not "beyond the scope of the direct examination."

As to Item 2, the following occurred:

"Q. Have you ever been convicted of a felony? A. No, sir.

"Q. Isn't it a fact that on the 6th day of December, 1946,

in the Superior Court of Oakland, you pleaded guilty to burglary?

"Mr. GARBER: Objected to, your Honor, being incompetent, irrelevant, immaterial.

"THE COURT: Objection will be overruled. You may answer the question. A. Yes, sir."

Appellant argues, "In the instant appeal, appellant denied that he was ever convicted of a felony. No record to the contrary was ever produced. Nevertheless, the court permitted the District Attorney, over appellant's objection, to question appellant about a specific offense, without producing any evidence that such offense was a felony. It is submitted that such action on the part of the District Attorney was contrary to the law and was highly prejudicial and constituted prejudicial and reversible error."

The record does not reveal whether the burglary referred to was a felony or misdemeanor. The above, as copied from the reporter's transcript, is the only reference to the subject.

Obviously the court's ruling on the objection was correct. If the burglary referred to was in fact a misdemeanor it was defendant's privilege to reveal it, in which circumstances a motion to strike and a request that the court instruct the jury to disregard the incident would have been in order. In the circumstances appellant is in no position to complain.

The other three contentions are highly technical. There is no merit to number 3, and as to number 4 the rules of cross-examination were not violated.

As to number 5, the exclusion of the check and so-called note. They were excluded because of the lack of an adequate foundation. The so-called note was in Japanese and was not translated. The record supports the trial judge's rulings with regard to these matters.

The record reveals no prejudicial errors. The judgment and order are affirmed.

White, P. J., and Ashburn, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 5, 1956.

---

*Assigned by Chairman of Judicial Council.